UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUSSELL FERRELL and SHIRLEY FERRELL,

    Plaintiffs,

v.       Case No:   6:15-cv-738-Orl-22TBS

THOMAS TARANTINO,

    Defendant.

## ORDER

This case is before the Court on Plaintiffs' Motion for New Order on Electronic Filing (Doc. 6).   This is the second time pro se Plaintiffs have sought leave to participate in the CM/ECF filing system (Doc. 3).   The first time, the motion was denied (Doc. 5).   The new motion appears in part to be an objection to my earlier Order (Id., at 1).   To the extent it constitutes an objection, Plaintiff's motion must be decided by the district judge.

Pro se filers must have leave of Court to use the CM/ECF system.   CM/ECF Administrative Procedures, Middle District of Florida, Revised: Mar. 15, 2007 at 10.   Pro se filers are generally denied access to the CM/ECF system unless extenuating circumstances exist to justify a waiver of the Court's CM/ECF procedures.   Huminski v. Vermont, No. 2:13-cv-692-FtM-29DNF, 2014 WL 169848 at *4 (M.D.Fla. Jan. 15, 2014).

As grounds for their motion Plaintiffs allege that they are elderly and if the motion is granted it will improve their "productivity and competence."   (Id., at 2).   The Court is not persuaded by this argument.   CM/ECF expedites the receipt and service of papers, it does not make anyone work more productively or competently.

Next, Plaintiffs explain that they rely on public transportation and it is an extended bus trip to a copy center, library or post office (Id., at 3). They also express concern about going outside in inclement weather (Id.). Again, the Court is not persuaded. Plaintiffs have not alleged that they do not have home mail delivery and being on CM/ECF has nothing to do with visiting the library. At most, it appears to be inconvenient for Plaintiffs to go to a location where they can use a copy machine.

Third, Plaintiffs state that they wish to avoid the monetary and environmental costs of printing and mailing papers (Id.). Plaintiffs do not claim to be indigent, and their concern for the environment, while admirable, is not a reason to deviate from the Court's administrative procedures.

Lastly, even if Plaintiffs had alleged good grounds to use CM/ECF, they have not complied with Local Rule 3.01(g) because they have not stated whether their opponent does or does not oppose the relief sought in their motion (Id., at 4).

Accordingly, Plaintiffs' motion is **DENIED**. To the extent they have made objection to my earlier Order, that is a matter for the district judge.

**DONE** and **ORDERED** in Orlando, Florida on June 22, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties